IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| WILLIAM T. PAYTON, ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:99CR371 |
| V. ) | Civil Action No. 1:16CV543 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This case is before the Court on William T. Payton's (the "Petitioner") Motion To Vacate, Set Aside And/Or Correct His Sentence pursuant to 28 U.S.C. § 2255 seeking relief from his sentence under the Armed Career Criminal Act ("ACCA") in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Petitioner's conviction for using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), which he collaterally attacks with his Motion involves no issue raised by the Supreme Court in Johnson.

On October 18, 1999, a one-count criminal information was filed in United States District Court charging Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On that

same day, Petitioner waived indictment and pleaded guilty to the single-count criminal information pursuant to a written plea agreement. The Petitioner also waived his right to a Presentence Investigation Report and requested to be sentenced that same day. The Court subsequently sentenced Petitioner to 60 months of incarceration and three years of supervised release.

Based on the record available to the United States, Petitioner appears to have served his 60 months of incarceration; was released; and commenced his period of supervision in and around 2005. On October 13, 2006, this Court issued an arrest warrant based on a petition for a supervised release violation.

On August 2, 2006, while on supervision in the Eastern District of Virginia, the Petitioner was indicted by a federal grand jury in the District of Maryland and charged with conspiracy to distribute cocaine and other drug trafficking crimes. On April 26, 2007, a jury returned a guilty verdict on three counts of drug trafficking offenses. On September 26, 2007, Petitioner was sentenced to 292 months of incarceration and eight years of supervised release for his conviction of conspiring to distribute cocaine. The Petitioner was also sentenced to serve 96 months of incarceration and 292 months of incarceration for the other drug trafficking counts. These sentences were ordered to run concurrent with the sentence imposed for conspiring to distribute cocaine.

In Johnson, the Supreme Court "h[e]ld that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," in 18 U.S.C. § 924(e)(2)(b)(ii), "violates the Constitution's guarantee of due process" because the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson's invalidation of the residual clause—a provision that results in a mandatory minimum that is higher than the statutory maximum without the ACCA— is "a substantive decision and so has retroactive effect . . . in cases on collateral review." 136 S. Ct. at 1265. The Petitioner is not challenging the application of the ACCA's residual clause. Instead, he is seeking, in his § 2255 Motion filed more than a year after his conviction became final and after he has served his 60 months of incarceration, to challenge his conviction, which only turns on the interpretation of a "drug trafficking crime." Because Petitioner's conviction is predicated on a drug trafficking crime and not a "crime of violence," the issue of an unconstitutionally vague residual clause related to crimes of violence, the topic of Johnson never comes into play here at all.

A "drug trafficking crime" is defined in 18 U.S.C. § 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled

3

Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Petitioner's conviction therefore does not depend on interpreting the meaning of a "violent felony" or a "crime of violence." Moreover, the Supreme Court has never suggested that the definition for a drug trafficking crime is vague in light of Johnson nor has any lower court. On the merits therefore Payton has no claim under Johnson. See In re: Christian Parker, No. 16-9501, Dkt. No. 5 (4th Cir. June 27, 2016) ("Parker's 18 U.S.C. § 924(c) (2012) conviction is unaffected by Johnson because it was premised on a drug conviction, not a crime of violence."); see also United States v. Hare, 820 F.3d 93, 106 (4th Cir. 2016) (same).

The Petitioner's §2255 Motion is also untimely. All motions under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The year begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, relevant here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). Petitioner filed the present § 2255 Motion on May 13, 2016. Given that this Motion was filed more than one year after his judgment became final, Petitioner contends that his Motion is timely under § 2255(f)(3) because it was filed

4

within one year of the Supreme Court's decision in Johnson, which was decided on June 26, 2015. To determine whether Petitioner's Motion is timely, the Court thus must assess whether "the right asserted" now by the Petitioner is the same as the "right" that was "newly recognized" by the Supreme Court in Johnson. For the reasons given above, it clearly is not.

The Petitioner's Motion under § 2255 fails on the merits because his conviction is based on his using and carrying a firearm during and relation to a drug trafficking crime, a provision unaffected by Johnson or any other case, and Petitioner's § 2255 Motion, filed almost fifteen years after his judgment of conviction was final in 2000, is barred by the one-year period of limitations.

For the foregoing reasons, the Petitioner's Motion To Vacate, Set Aside, Or Correct His Sentence pursuant to 28 U.S.C. § 2255 should be denied.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September / , 2016

5